**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SEBASTIAN RICHARDSON,** | : | **CIVIL NO. 3:cv-11-2266** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 12/7/11)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **THOMAS R. KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

**DEFENDANTS'AFFIRMATIVE DEFENSES**
**AND ANSWER TO AMENDED COMPLAINT**

Defendants Bryan A. Bledsoe, Thomas R. Kane, Joseph Norwood, David Young, Donald Hudson, Jr., Captain Bradley Trate, Sean Snider, Lt. Chris Mattingly, Lt. James Fleming, Lt. Pedro Carrasquillo, Lt. Matthew Saylor, Lt. Jason Seeba, Lt. Roger Miller, Lt. Camden Scampone, Lt. Kyle Whittaker, Lt. Aaron Sassaman, and Lt. Thomas Johnson hereby assert affirmative defenses and answer Plaintiff Sebastian Richardson's Amended Complaint.

1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants are entitled to qualified immunity.

### Second Affirmative Defense

On April 9, 2013, the Court dismissed the "hostile" inmate claims, class

action claims, and Fifth Amendment claims.   The only remaining claims involve

the purported improper use of restraints on Richardson.   Thus, the allegations in the

Amended Complaint that regard the dismissed claims do not require a response.

### Third Affirmative Defense

To the extent any of the Defendants are named in their official capacities for a

claim for monetary damages, they are entitled to sovereign immunity.

### Fourth Affirmative Defense

It is Defendants understanding that the Court's Order of April 9, 2013,

dismissed Defendants Thomas Kane, former Acting Director of the Bureau of

Prisons and Joseph Norwood, Regional Director of the Bureau of Prisons.

### Fifth Affirmative Defense

It is Defendants understanding that the Court's Order of April 9, 2013,

dismissed all claims against all Defendants in their official capacity and for

injunctive relief when it dismissed the class action claims.   To the extent, the Court did not dismiss those claims, Plaintiff does not have standing to bring injunctive claims as he is no longer imprisoned at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg").

## Sixth Affirmative Defense

Plaintiff failed to make any effort to mitigate his damages.

## Seventh Affirmative Defense

Plaintiff's damages, if any, should be proportionately decreased based upon Plaintiff's contributory negligence.

## Eighth Affirmative Defense

Plaintiff is barred from recovery based upon his own assumption of the risk.

## Ninth Affirmative Defense

Plaintiff has not shown that Defendants' actions proximately caused any damages.

WHEREFORE, Defendants ask the Court to grant judgment in their favor and against Plaintiff Sebastian Richardson together with costs, disbursements, and other relief the Court finds appropriate.

## ANSWER TO SECOND AMENDED COMPLAINT

### NATURE OF THE CASE

1.      Defendants deny the averments contained in paragraph 1 of the Amended Complaint.   Paragraph 1 of the Amended Complaint contains legal conclusions or averments of law to which no answer is required.   By way of further response, paragraph 1 of the Amended Complaint also contains averments regarding class action claims that were dismissed by this Court, and therefore, no response is required.   To the extent, the remaining averments of paragraph 1 of the Amended Complaint contain factual allegations relevant to the remaining claims, Defendants deny the remaining averments contained in paragraph 1 of the Amended Complaint.

### JURISDICTION AND VENUE

2-5.   Defendants deny the averments contained in paragraphs 2-5 of the Amended Complaint.   By way of further response, the averments contained in paragraphs 2-5 of the Amended Complaint contain legal conclusion or averments of law to which no answer is required.

### PARTIES

6.      Defendants deny the averments contained in paragraph 6 of the Amended Complaint.   By way of further response, Plaintiff Sebastian Richardson is currently

4

incarcerated at the Administrative Maximum facility in Florence, Colorado. Richardson was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg") from March 11, 2010, through September 10, 2012.

7.      Defendants admit in part and deny in part the averments contained in paragraph 7 of the Amended Complaint.   Defendants admit that Thomas R. Kane was the Acting Director of the Federal Bureau of Prisons ("BOP"), from May 7, 2011, until December 21, 2011.   Defendants deny the remaining averments of paragraph 7 of the Amended Complaint.   By way of further response, the remaining averments contained in paragraph 7 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

8.      Defendants admit in part and deny in part the averments contained in paragraph 8 of the Amended Complaint.   Defendants admit that Joseph Norwood is the Regional Director of the Northeast Region for the BOP, which region includes USP Lewisburg.   Defendants deny the remaining averments of paragraph 8 of the Amended Complaint.   By way of further response, the remaining averments contained in paragraph 8 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

9.      Defendants admit in part and deny in part the averments contained in paragraph 9 of the Amended Complaint.   Defendants admit that Bryan A. Bledsoe was the warden of USP Lewisburg from April 13, 2008, through March 31, 2012, at which time he retired.   Defendants further admit that Bledsoe was responsible for approving the use of ambulatory or four-point restraints in accordance with BOP Program Statement 5566.06, <u>Use of Force and Application of Restraints</u>. Defendants deny the remaining averments contained in paragraph 9 of the Amended Complaint.   By way further answer, Defendants deny that Bledsoe was responsible for "overseeing and implementing inmate housing and recreation placement decisions."   By way of still further answer, the remaining allegations of paragraph 9 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

10.      Defendants admit in part and deny in part the averments contained in paragraph 10 of the Amended Complaint.   Defendants admit that David Young is an Associate Warden (Programs) at USP Lewisburg and he is generally responsible for custody and security at the institution, including some decisions involving cellmate placements   If Young was Acting Warden, he was responsible for decisions involving the placement of inmates into restraints.   Defendants deny the remaining averments contained in paragraph 10 of the Amended Complaint.

Defendants specifically deny that Young is responsible for making decisions involving recreation cage placements and the use of restraints.   By way of further response, the remaining averments contained in paragraph 10 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

11.     Defendants admit in part and deny in part the averments contained in paragraph 11 of the Amended Complaint.   Defendants admit that Donald Hudson was an Associate Warden (Custody) at USP Lewisburg from January 31, 2010, through July 28, 2012.   He was generally responsible for custody and security at the institution, and that if he was Acting Warden, he was responsible for decisions involving the placement of inmates into restraints.   He is currently Warden at FCI Raybrook (New York).   Defendants deny the remaining averments contained in paragraph 11 of the Amended Complaint.   Defendants specifically deny that Hudson was responsible for "decisions involving cellmate and recreation cage placements."   By way of further response, the remaining averments contained in paragraph 11 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

12.     Defendants admit in part and deny in part the averments contained in paragraph 12 of the Amended Complaint.   Defendants admit that Bradley Trate was

the Captain of USP Lewisburg from October 11, 2009, through March 10, 2012.

He is currently assigned as an Associate Warden at FCI Raybrook (New York).

Trate was generally responsible for custody and security at the institution.

Defendants deny the remaining averments of paragraph 12 of the Amended

Complaint.   Defendants specifically deny that Trate was responsible for "decisions

involving cellmate and recreation cage placements and the use of restraints."   By

way of further response, the remaining averments contained in paragraph 12 of the

Amended Complaint contain legal conclusions or averments of law to which no

answer is required.

13.     Defendants admit in part and deny in part the averments contained in

paragraph 13 of the Amended Complaint.   Defendants admit that Sean Snider was

the Deputy Captain at USP Lewisburg during relevant times noted in the averments

made in the Amended Complaint and that he was generally responsible for custody

and security at the institution.   Effective March 10, 2012, Snider became Deputy

Captain at USP Florence (Colorado).   Defendants deny the remaining averments

contained paragraph 13 of the Amended Complaint.   Defendants deny that Snider

was responsible for "decisions involving cellmate and recreation cage placements

and the use of restraints."   By way of further response, the remaining averments

contained in paragraph 13 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

14.     Defendants admit in part and deny in part the averments contained in paragraph 14 of the Amended Complaint.   Defendants admit that Defendants Pedro Carrasquillo, Thomas Johnson, Roger Miller, Matthew Saylor, Camden Scampone, Jason Seeba, and Kyle Whittaker are all Lieutenants at USP Lewisburg.   By way of further answer, James Fleming is now a Lieutenant at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP Allenwood"); Christopher Mattingly is now a Lieutenant at the Hazelton United States Penitentiary in Bruceton Mills, West Virginia ("USP Hazelton"); and Aaron Sassaman is now a Senior Officer Specialist at the Allenwood Federal Correctional Institution in White Deer, Pennsylvania ("FCI Allenwood").   Defendants admit that at all times relevant to the Complaint, Scampone, Fleming, Carrasquillo, Saylor, Mattingly, Sassaman, Seeba, Miler, Johnson, and Whitaker were generally responsible for custody and security at USP Lewisburg.   Defendants deny the remaining averments of paragraph 14 of the Amended Complaint.   Defendants specifically deny that Scampone, Fleming, Carrasquillo, Saylor, Mattingly, Sassaman, Miller, Johnson, and Whitaker were responsible for "decisions involving cellmate and recreation cage placements." Defendants also specifically deny that as a lieutenant, these defendants had the

authority to authorize the placement of inmates into ambulatory or four point restraints.   By way of further response, the remaining averments contained in paragraph 14 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

## FACTS

General Background on the USP Lewisburg Special Management Unit

15-43. On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together.   The only remaining claims involve the purported improper use of restraints on Richardson.   Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments.

Failure to Intervene to Prevent Inmate on Inmate Violence

44-46. On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together.   The only remaining claims involve the purported improper use of restraints on Richardson.   Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments.

## Punitive Use of Restraints

47.     Defendants deny the averments contained in paragraph 47 of the Amended Complaint.

48.     Defendants admit the averments contained in paragraph 48 of the Amended Complaint only to the extent that ambulatory restraints, black boxes, and four point restraints are used according to policy.

49.     Defendants admit in part and deny in part the averments contained in paragraph 49 of the Amended Complaint.   Defendants admit that ambulatory restraints are defined in policy as "soft and hard restraint equipment which allow the inmate to eat, drink, and take care of basic human needs without staff intervention." Defendants deny the remaining averments contained in paragraph 49 of the Amended Complaint.

50.     Defendants admit in part and deny in part the averments contained in paragraph 50 of the Amended Complaint.   Defendants admit that a "black box" is an approved component that may be used when applying hand restraints that minimizes the opportunity for the inmate to access the key hole of the restraints in an attempt to defeat them.   Defendants deny the remaining averments contained in paragraph 50 of the Amended Complaint.

51.     Defendants admit in part and deny in part the averments contained in paragraph 51 of the Amended Complaint.   Defendants admit that placing an inmate in four point restraints involves placing an inmate on a bed with a mattress.   His hands are restrained to the bed by either hard or soft restraints as is determined on a case by case basis.   Legs are restrained in the same manner but to the bottom of the bed in soft or hard restraints.   Defendants deny the remaining averments of paragraph 51 contained in the Amended Complaint.

52.     Defendants admit in part and deny in part the averments contained in paragraph 52 of the Amended Complaint.   Defendants admit that hard restraints consist of metal handcuffs, metal leg irons, and a metal martin chain that goes around and inmate's waist.   Hard restraints may include a black box (previously described).   By way of further answer, although the handcuffs restrict the inmate's movement of his wrist, the inmate can still move his wrists.   Defendants deny that there is a "practice" to put the chain waist farther up on the torso so that it is actually on the inmate's chest; the waist chain is placed around an inmate's waist. Defendants deny that the shackles prevent an inmate from climbing to a top bunk, although it would be difficult.   Defendants deny that an inmate's ability to walk is "severely" limited; although it is limited.   Defendants deny the remaining averments contained in paragraph 52 of the Amended Complaint.

12

53.     Defendants admit in part and deny in part the averments contained in

paragraph 53 of the Amended Complaint.   Defendants admit to the extent that

policy provides:

> Staff are authorized to apply physical restraints necessary to gain
> control of an inmate who appears to be dangerous because the inmate:
> a. Assaults another individual; b. Destroys government property; c.
> Attempts suicide; d. Inflicts injury upon self; or e. Becomes violent or
> displays signs of imminent violence.   This rule on application of
> restraints does not restrict the use of restraints in situations requiring
> precautionary restraints, particularly in the movement or transfer of
> inmates (e.g., the use of handcuffs on moving inmates to and from a
> cell in detention, escorting an inmate to a Special Housing Unit pending
> investigation, etc.).

BOP P.S. 5566.06 § 1.   Defendants admit that restraint equipment or devices (e.g.,

handcuffs) may not be used "as a method of punishing an inmate." BOP P.S.

5566.06 § 6.h.(1).   Defendants deny the remaining averments contained in

paragraph 53 of the Amended Complaint.

54-58. Defendants admit the averments contained in paragraphs 54-58 of the

Amended Complaint.

59-61. Defendants deny the averments contained in paragraphs 59-61 of the

Amended Complaint.

62.     Defendants admit the averments contained in paragraph 62 of the Amended

Complaint only to the extent that BOP P.S. 5566.06 provides, "[f]or this PS's

purposes, progressive restraints are defined as the process of using the least

13

restrictive restraint method to control the inmate as deemed necessary for the situation.   Based on the inmate's behavior, more restrictive and secure restraints may be used."   BOP P.S. 5566.06 § 9.

63.    Defendants admit in part and deny in part the averments contained in paragraph 63 of the Amended Complaint.   Defendants admit the warden is permitted to authorize the use of four-pointing.   Defendants deny the remaining averments contained in paragraph 63 of the Amended Complaint.   By way of further response, in the absence of the warden, the Acting Warden may authorize the use of four-point restraints.

64-65. Defendants deny the averments contained in paragraphs 64 and 65 of the Amended Complaint.

66-73. Defendants deny the averments contained in paragraphs 66-73 of the Amended Complaint. By way of further answer, ambulatory restraints allow an inmate to eat, drink, and take care of basic human needs without staff intervention. BOP P.S. 5566.06 § 9.   Four-point restraints require staff intervention to allow the inmate to use the bathroom, etc.

74.    Defendants admit in part and deny in part the averments in paragraph 74 of the Amended Complaint.   Defendants admit that for inmates in four-point restraints, BOP P.S. 5566.06 provides that "[a]t every two-hour review, the inmate will be

14

afforded the opportunity to use the toilet, unless the inmate is continuing to actively resist or becomes violent while being released from the restraints for this purpose." BOP   P.S. 5566.06 § 10.e.   By way of further response, inmates in ambulatory restraints (soft or hard) are able to take care of basic human needs without staff intervention; therefore, there is no need for a "bathroom break."   Defendants deny the remaining averments contained in paragraph 74 of the Amended Complaint.

75-82. Defendants deny the averments contained in paragraphs 75-82 of the Amended Complaint.

83.    On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together.   The only remaining claims involve the purported improper use of restraints on Richardson.   Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments.

84.    Defendants deny the averments contained in paragraph 84 of the Amended Complaint.   By way of further answer, all inmates are allowed to seek formal review of an issue relating to any aspect of his/her own confinement via the administrative remedy process.   Procedures for filing administrative remedies are contained in BOP Program Statement 1330.16, Administrative Remedy Program.

85.    Defendants deny the averments contained in paragraph 85 of the Amended

Complaint. By way of further answer, Defendants state the Plaintiff has been placed

in restraints on several occasions since January 2011, for displaying signs of

imminent violence of threatening to kill staff, assaulting staff, threatening to assault

staff, and threatening to assault other inmates.

<u>The February 3, 2011 to March 2, 2011 Restraints Placement</u>

86.    Defendants admit in part and deny in part the averments contained in

paragraph 86 of the Amended Complaint..   By way of further answer, from

February 3, 2011, to March 2, 2011, a total of 27 (not 28) days, Plaintiff was in

ambulatory restraints except for approximately seven hours and forty-five minutes

on February 10, 2011 (at which time he was in four-point restraints) and for

approximately 3.5 hours on February 23, 2011 (during which time he was

completely out of restraints.)   Defendants deny the remaining averments contained

in paragraph 86 of the Amended Complaint.

87.    Defendants admit the averments contained in paragraph 87 of the Amended

Complaint.

88.    Defendants deny the averments contained in paragraph 88 of the Amended

Complaint.   By way of further response, Defendants lack knowledge or information

sufficient to form a belief about the truth of the averments contained in paragraph 88 of the Amended Complaint.

89.    Defendants admit in part and deny in part the averments contained in paragraph 89 of the Amended Complaint.   By way of further answer, Defendants admit that Plaintiff's prior separation information was available to select staff; however, it cannot be ascertained if the information from 2007-2008 was the same information available in 2010.   Defendants deny the remaining averments contained in paragraph 89 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 89 of the Amended Complaint.

90-91. Defendants deny the averments contained in paragraphs 90 and 91 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraphs 90 and 91 of the Amended Complaint.   In particular, Defendants do not know how Richardson defines "compatible."

91-98. Defendants admit in part and deny in part the averments contained in paragraphs 91-98 of the Amended Complaint.   Defendants admit that on February 3, 2011, prison staff directed Richardson to accept a new cell mate, and he refused to submit to hand restraints.   Defendants deny the remaining averments contained in

17

paragraphs 91-98 of the Amended Complaint.   By way of further response,

Defendants lack knowledge or information sufficient to form a belief about the truth

of the averments contained in paragraphs 91-98 of the Amended Complaint.   By

way of still further answer, Defendants lack information about an inmate referred to

by Richardson as "the Prophet."

99.    Defendants admit in part and deny in part the averments contained in

paragraph 99 of the Amended Complaint.   Defendants admit that Lieutenant

Fleming assembled a Use of Force Team on February 3, 2011, after Richardson

refused to accept an assigned inmate into his cell and displayed signs of imminent

violence by threatening to assault any inmate placed into his cell.   Confrontation

avoidance measures were successful, and Richardson submitted to hand restraints.

Defendants deny the remaining averments contained in paragraph 99 of the

Amended Complaint.

100.   Defendants admit in part and deny in part the averments contained in

paragraph 100 of the Amended Complaint.   Defendants admit that Richardson was

escorted to the laundry area, where he was visually searched and placed in paper

clothes.   Staff then placed Richardson into hard ambulatory restraints.   Defendants

deny the remaining averments contained in paragraph 100 of the Amended

Complaint.

18

101-103. Defendants deny the averments contained in paragraphs 101-103 of the Amended Complaint.   By way of further response, Richardson did initially complain in a calm voice that the martin chain was too tight.   By way of further response, medical staff assessed Richardson after correctional staff applied the restraints.   Medical staff found the hand and leg restraints did not restrict circulation were not excessively tight.

104.   Defendants deny the averments contained in paragraph 104 of the Amended Complaint.

105.   Defendants admit in part and deny in part the averments contained in paragraph 105 of the Amended Complaint.   Defendants admit that staff assigned Richardson a new cell on February 6, 2011.   Defendants deny the remaining averments contained in paragraph 105 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about whether staff assigned Richardson with a cellmate on this date.

106.   Defendants admit the averments contained in paragraph 106 of the Amended Complaint.   By way of further response, staff placed Richardson in four point restraints on February 10, 2011, for threatening to assault staff.   By way of still further response, Richardson remained in four point restraints for approximately eight hours.

107.   Defendants admit the averments contained in paragraph 107 of the Amended Complaint.

108.   Defendants admit in part and deny in part the averments contained in paragraph 108 of the Amended Complaint.   Defendants admit that Richardson complained while being placed into four point restraints.   Defendants deny that staff who placed Richardson in restraints intended to cause Richardson any harm. By way of further answer, the Defendants state that Plaintiff was medically assessed after being placed into four point restraints.   The attending medical personnel stated that Richardson's blood flow and capillary refill were good.   Defendants deny the remainder of the averment.

109.   Defendants deny the averments contained in paragraph 109 of the Amended Complaint.   By way of further answer, inmates in four point restraints are offered water and the opportunity to use the toilet every two hours during restraint checks. At every two-hour review, the inmate will be afforded the opportunity to use the toilet, unless the inmate is continuing to actively resist or becomes violent while being released from the restraints for this purpose.

110-112.     Defendants deny the averments contained in paragraphs 110-112 of the Amended Complaint.

113.   Defendants admit in part and deny in part the averments contained in paragraph 113 of the Amended Complaint.   Defendants admit Richardson remained in four point restraints for approximately eight hours.   Defendants deny the remaining averments contained in paragraph 113 of the Amended Complaint.

114.   Defendants admit in part and deny in part the averments contained in paragraph 114 of the Amended Complaint.   Defendants admit that after approximately eight hours in restraints, staff took Richardson out of the four point restraints and placed him back into ambulatory restraints through February 23, 2011. Defendants deny the remaining averments contained in paragraph 114 of the Amended Complaint.

115.   Defendants admit in part and deny in part the averments contained in paragraph 115 of the Amended Complaint.   Defendants admit that staff took Richardson out of restraints on February 23, 2011.   Defendants deny the remaining averments contained in paragraph 115 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 115 of the Amended Complaint.

116-119. Defendants deny the averments contained in paragraphs 116-119 of the Amended Complaint.   By way of further answer, on February 23, 2011,

approximately 3.5 hours after staff released him from all restraints, Richardson

again became disruptive by threatening to harm any inmate placed into his cell.

Staff had to place Richardson back in hard ambulatory restraints for displaying signs

of imminent violence (threatening to harm any cell mate he received).

120.   Defendants admit in part and deny in part the averments contained in

paragraph 120 of the Amended Complaint.   Defendants admit that, in accordance

with BOP P.S. 5566.06, whenever an inmate is placed in ambulatory restraints, staff

must follow the procedures in Sections 10 and 13 of the Program Statement,

including conditions of confinement, scheduled checks, documentation, and 24 and

48 hour reviews by the Warden and staff.   Section 10 states, "[a] review of the

inmate's placement in four-point restraints shall be made by a Lieutenant every two

hours to determine if the use of restraints has had the required calming effect and so

that the inmate may be released from these restraints (completely or to lesser

restraints) as soon as possible."   BOP P.S. 5566.06 §§ 10, 13.   Defendants deny the

remaining averments contained in paragraph 120 of the Amended Complaint.

121.   Defendants admit in part and deny in part the averments contained in

paragraph 121 of the Amended Complaint..   By way of further answer, Defendants

Mattingly, Carrasquillo, Fleming, Saylor, Sassaman, Seeba, Miller and T. Johnson

conducted checks on Plaintiff's restraints from February 3, 2011, to March 2, 2011.

Defendants deny the remaining averments contained in paragraph 121 of the Amended Complaint.

122-123. Defendants deny the averments contained in paragraphs 122-123 of the Amended Complaint.

124-125. Defendants admit in part and deny in part the averments contained in paragraphs 124 and 125 of the Amended Complaint.   By way of further answer, Defendants admit that Defendants Mattingly, Carrasquillo, Fleming, Saylor, Sassaman, Seeba, Miller and T. Johnson had the authority to release Richardson from restraints in accordance with BOP P.S. 5566.06.   Defendants deny the remaining averments contained in paragraphs 124 and 125 of the Amended Complaint.

126-127. Defendants deny the averments contained in paragraphs 126 and 127 of the Amended Complaint.   By way of further answer, a lieutenant need not be present when medical checks are done, but frequently is.   Medical staff makes the clinical determination whether medical attention is needed.   If the medical staff determines the restraints are restricting blood flow or causing other medical concerns they will be discussed with the lieutenant.   The lieutenant has the responsibility and authority to adjust tightness of restraints.

128.   Defendants deny the averments contained in paragraph 128 of the Amended Complaint.   By way of further answer, Richardson did not name medical staff as defendants, and the non-medical staff Defendants do not have access to an inmate's medical records, let alone the ability to modify them.

129.   Defendants deny the averments contained in paragraph 129 of the Amended Complaint.   By way of further answer, in accordance with BOP P.S. 5566.06, Defendants (Lieutenants) looked for a pattern of non-disruptive behavior over a period of time as an indication that Richardson had regained self-control and was no longer a disruptive threat.

130-134. Defendants deny the averments contained in paragraphs 130-134 of the Amended Complaint.

135. Defendants deny the averments contained in paragraph 135 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 135 of the Amended Complaint.

136.   Defendants deny the averments contained in paragraph 136 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief as to whether Richardson slept on the floor during this time period.

137.   Defendants deny the averments contained in paragraph 137 of the Amended Complaint.

138.   Defendants deny the averments contained in paragraph 138 of the Amended Complaint.

139.   Defendants deny the averments contained in paragraph 139 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments that Richardson had 15 cell mates during this time frame.

140.   On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together.   The only remaining claims involve the purported improper use of restraints on Richardson.   Thus, the averments in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments

141.   Defendants deny the averments contained in paragraph 6 of the Amended Complaint.

<u>The May 17, 2011 to June 2, 2011 Restraints Placement</u>

142.   Defendants admit in part and deny in part the averments contained in paragraph 142 of the Amended Complaint.   Defendants admit that Plaintiff was released from hard ambulatory restraints on March 2, 2011, and staff thereafter

assigned a cellmate to Richardson.    Defendants deny the remaining averments contained in paragraph 142 of the Amended Complaint.    By way of further response, Defendants do not know what Richardson means by the word compatible as used under these circumstances.

143-152. Defendants deny the averments contained in paragraphs 143-152 of the Amended Complaint.    By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraphs 143-152 of the Amended Complaint.

154-155. Defendants deny the averments contained in paragraphs 154 and 155 of the Amended Complaint.

156.    Defendants admit only that on May 17, 2011, the Richardson refused to be placed into hand restraints so that a new cell mate could be placed into his cell.

157.    Defendants admit in part and deny in part the averments contained in paragraph 157 of the Amended Complaint.    Defendants admit that on May 17, 2011, correctional staff instructed Richardson to submit to hand restraints in order to accept a new cell mate. Richardson refused to be placed in hand restraints and threatened to assault any inmate placed in his cell.    Defendants deny the remaining averments contained in paragraph 157 of the Amended Complaint.

158.   Defendants admit only that a use of force team assembled and went to his cell on May 17, 2011.

159.   Defendants admit in part and deny in part the averments contained in paragraph 159 of the Amended Complaint.   Defendants admit that Defendant Saylor led the use of force team on May 17, 2011, and Defendant Fleming was a member of the team.   Defendants also admit that their confrontation avoidance measures were successful and Richardson submitted to hand restraints. Defendants deny the remaining averments contained in paragraph 159 of the Amended Complaint.

160.   Defendants admit in part and deny in part the averments contained in paragraph 160 of the Amended Complaint.   Defendants admit that staff placed restraints on Richardson on May 17, 2011.   Defendants deny the remaining averments contained in paragraph 160 of the Amended Complaint.

161-162. Defendants deny the averments contained in paragraph 161 and 162 of the Amended Complaint.

163.   Defendants deny the averments contained in paragraph 163 of the Amended Complaint. By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraph 163 of the Amended Complaint.

164.   Defendants deny the averments contained in paragraph 164 of the Amended Complaint.

165-167. Defendants deny the averments contained in paragraphs 165-167 of the Amended Complaint.   By way of further response, Defendants lack knowledge or information sufficient to form a belief about the truth of the averments contained in paragraphs 165-167 of the Amended Complaint.

168.   Defendants admit in part and deny in part the averments contained in paragraph 168 of the Amended Complaint.   Defendants admit that on May 31, 2011, the use of force team (led by Defendant Carrasquillo) placed Richardson in four-point restraints.   By way of further answer, the team placed Richardson in restraints after Richardson became disruptive and displayed signs of imminent violence towards staff by encouraging other inmates on the range to become disruptive, by smearing feces, and by threatening staff who entered the cell with bodily harm.   Defendants deny the remaining averments contained in paragraph 168 of the Amended Complaint.

169-170. Defendants admit the averments contained in paragraphs 169 and 170 of the Amended Complaint.

171.   Defendants deny the averments contained in paragraph 171 of the Amended Complaint.

172.    Defendants admit the averments contained in paragraph 172 of the Amended Complaint.

173-176. Defendants deny the averments contained in paragraphs 173-176 of the Amended Complaint.

177-178. Defendants admit in part and deny in part the averments contained in paragraphs 177 and 178 of the Amended Complaint.   Defendants admit that Lieutenants had the authority to release Richardson from restraints after he demonstrated a pattern of regained self-control.   Defendants deny the remaining averments contained in paragraphs 177 and 178 of the Amended Complaint.

179.    Defendants deny the averments contained in paragraph 179 of the Amended Complaint.   By way of further answer, Richardson remained in hard ambulatory or four-point restraints for a period of 16 (not 17) days from May 17, 2011, to June 2, 2011.

180.    Defendants admit the averments contained in paragraph 180 of the Amended Complaint.

181-183. Defendants deny the averments contained in paragraphs 181-183 of the Amended Complaint.

184.    Defendants admit in part and deny in part the averments contained in paragraph 184 of the Amended Complaint.   Defendants admit that Defendant

Norwood's office received notice of when institutional staff had to maintain an inmate in restraints for longer than eight hours and he received periodic status updates.   Defendants deny the remaining averments contained in paragraph 184 of the Amended Complaint.

185.   Defendants deny the averments contained in paragraph 185 of the Amended Complaint.

186.   Defendants deny the averments contained in paragraph 186 of the Amended Complaint, including subparts.   By way of further answer, the averments contained in paragraph 186 of the Amended Complaint contain legal conclusions or averments of law to which no answer is required.

## Class Action Allegations

188-207. On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together.   The only remaining claims involve the purported improper use of restraints on Richardson.   Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments.

## CAUSES OF ACTION

### Count I

Plaintiff Sebastian Richardson v. Defendants Bledsoe, Young,
Hudson, Trate, Snider, Fleming, Mattingly, Carrasquillo, Saylor,
Sassaman, Seeba, Miller, Johnson, and Scampone

Eighth Amendment violation, pursuant to <u>Bivens v. Six Unknown Named Agents of
the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for February 3, 2011, to
March 2, 2011 restraints placement

208.   Defendants incorporate by reference the responses to the averments contained

in paragraphs 1-207 of the Amended Complaint as if fully set forth herein.

209-212. Defendants deny the averments contained in paragraphs 209-212 of the

Amended Complaint.   By way of further response, the averments contained in

paragraphs 209-212 of the Amended Complaint contain legal conclusions or

averments of law to which no response is required.

### Count II

Plaintiff Sebastian Richardson v. Defendants Bledsoe, Young,
Hudson, Trate, Snider, Saylor, Fleming, Scambone, Seeba, Carrasquillo
Johnson, Whittaker, Mattingly, and Miller

Eighth Amendment violation, pursuant to <u>Bivens v. Six Unknown Named Agents of
the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for May 17, 2011 to June 2,
2011 Restraints Placement

213.   Defendants incorporate by reference the responses to the averments contained

in paragraphs 1-212 of the Amended Complaint as if fully set forth herein.

214-217. Defendants deny the averments contained in paragraphs 214-217 of the Amended Complaint.   By way of further response, the averments contained in paragraphs 214-217 of the Amended Complaint contain legal conclusions or averments of law to which no response is required.

## Count III

Plaintiff Sebastian Richardson v. Defendants Bledsoe, Young, Hudson, Trate, Snider, Fleming, Mattingly, Carrasquillo, Saylor, Sassaman, Seeba, Miller, Johnson, and Scampone

Fifth Amendment violation, pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for February 3, 2011, to March 2, 2011 restraints placement

218.   Defendants incorporate by reference the responses to the averments contained in paragraphs 1-217 of the Amended Complaint as if fully set forth herein.

219-221. Defendants deny the averments contained in paragraphs 219-221 of the Amended Complaint.   By way of further response, the averments contained in paragraphs 219-221 of the Amended Complaint contain legal conclusions or averments of law to which no response is required.   By way of still further response, the Court dismissed all Fifth Amendment claims.

**Count IV**

Plaintiff Sebastian Richardson v. Defendants Bledsoe, Young,
Hudson, Trate, Snider, Saylor, Fleming, Scambone, Seeba, Carrasquillo
Johnson, Whittaker, Mattingly, and Miller

Fifth Amendment violation, pursuant to <u>Bivens v. Six Unknown Named Agents of
the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for May 17, 2011 to June 2,
2011 Restraints Placement

222.   Defendants incorporate by reference the responses to the averments contained
in paragraphs 1-221 of the Amended Complaint as if fully set forth herein.

223-225. Defendants deny the averments contained in paragraphs 223-225 of the
Amended Complaint.   By way of further response, the averments contained in
paragraphs 223-225 of the Amended Complaint contain legal conclusions or
averments of law to which no response is required.   By way of still further response,
the Court dismissed all Fifth Amendment claims.

**Count V**

Class v. Defendants Kane, Norwood, Bledsoe, Young, and Hudson

Eighth Amendment Violation

226. Defendants incorporate by reference the responses to the averments contained
in paragraphs 1-225 of the Amended Complaint as if fully set forth herein.

33

227-230. On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together. The only remaining claims involve the purported improper use of restraints on Richardson. Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments.

## Count VI

Class v. Defendants Kane, Norwood, Bledsoe, Young, and Hudson

Fifth Amendment Violation

231. Defendants incorporate by reference the responses to the averments contained in paragraphs 1-230 of the Amended Complaint as if fully set forth herein.

232-235. On April 9, 2013, the Court dismissed all claims regarding the alleged placement of "hostile" inmates together. The only remaining claims involve the purported improper use of restraints on Richardson. Thus, the allegations in this paragraph(s) of the Amended Complaint are irrelevant and do not require a response. To the extent a response is required, Defendants deny the averments. By way of still further response, the Court dismissed all Fifth Amendment claims.

WHEREFORE, Defendants pray that Plaintiff Sebastian Richardson take nothing by way of his Amended Complaint and that the same be dismissed with the

Defendants' costs of suit incurred in consequence thereof, together with such other

and further relief as the Court deems appropriate in this case.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s Michael Butler
Michael Butler
Assistant U.S. Attorney
Atty. I.D. No. PA81799
Anita L. Lightner
Paralegal Specialist
U.S. Attorney's Office
228 Walnut Street, 2nd Floor
Post Office Box 11754
Harrisburg PA 17108-1754
Tel: (570)348-2800
Fax: (570)348-3816

Dated: May 9, 2013

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SEBASTIAN RICHARDSON,** | : | **CIVIL NO. 3:cv-11-2266** |
| **Plaintiff** | : | |
| | : | **(Complaint Filed 12/7/11)** |
| | : | |
| **v.** | : | |
| | : | **(Nealon, J.)** |
| **THOMAS R. KANE, et al.,** | : | |
| **Defendants** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.   That on May 9, 2013, she served a copy of the attached

## DEFENDANTS'AFFIRMATIVE DEFENSES
## AND ANSWER TO AMENDED COMPLAINT

via the Court's Electronic Case Filing System ("ECF") and that the Addressee(s) listed below are filing users under the ECF system.   Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document, and no additional service upon the filing user is required.

Addressee(s):

Jennifer J. Tobin, Esquire
jtobin@paolp.org

/s Anita L. Long
Anita L. Long
Paralegal Specialist