Attorneys for Plaintiff:

Su Ming Yeh
Pennsylvania Institutional Law
Project
718 Arch Street, Ste. 304 South
Philadelphia, PA  19106
Tel. 215-925-2966
Fax:  215-925-5337

Attorneys for Defendants:

PETER J. SMITH
United States Attorney

Michael J. Butler
Assistant United States Attorney
228 Walnut St., 2nd Fl.
Harrisburg, PA  17108-1754
Tel:  717-221-4482
Fax:  717-221-4582

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEBASTIAN RICHARDSON,

                              Plaintiff,

        v.

THOMAS R. KANE, et al.

                              Defendants.

CIVIL ACTION

Case No.: 3:11-cv-02266

Judge Nealon

*Electronically filed*

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1. Principal Issues

## 1.1 Separately for each party, please give a statement summarizing this case:

By Plaintiff(s):

This is a civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), against various officers of the federal Bureau of Prisons, including officers at United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), by Plaintiff Sebastian Richardson.  Plaintiff, an inmate who was incarcerated at USP Lewisburg, seeks damages for prior injuries as well as injunctive relief from the Defendants' practice of subjecting inmates to inhumane conditions of confinement in violation of their Eighth and Fifth Amendment rights, by the use of painfully tight restraints for the sole purpose of punishing inmates for rejecting dangerous cell assignments.

By Defendant(s):

Plaintiff Sebastian Richardson initially brought this Eighth Amendment action asserting both excessive force and deliberate indifference on behalf of himself and a proposed class of present and future USP Lewisburg inmates.  Richardson named as defendants numerous employees of the Bureau of Prisons (the "BOP").  This Court dismissed the majority of Richardson's claims on April 9, 2013.  The only remaining claim is whether any of the defendants were deliberately indifferent to Richardson while they maintained him in restraints.  Contrary to Richardson's claims that he continues to have an excessive force claim regarding the initial placement of the restraints, this Court dismissed those claims.  <u>See</u> Order of April 9, 2013 (Doc. No. 38) at 22 (noting this is a prolonged use of restraints matter requiring a deliberate indifference standard).  As to the merits of Richardson's prolonged use of restraints claim, Defendants assert that Richardson remained in restraints because of his behavior.  Pursuant to policy, staff checked Richardson's restraints regularly.  Any claim that he could not perform basic hygiene or that he received substantial injuries is denied.

**1.2 The facts the parties dispute are as follows:**

The parties dispute whether various Defendants were involved in or responsible for decisions regarding inmate housing placement, recreation placement, and the application of restraints.  [Defendants dispute that this is even an issue in the case].

The parties dispute the methods used to apply restraints to inmates at USP Lewisburg and the effects that the restraints have on inmates. [Defendants maintain that all class action claims were dismissed, and therefore Defendants believe the issues of any other inmate besides Richardson are irrelevant to this case].

The parties dispute whether all of the notations in inmates' medical records concerning the effects of the restraints are accurate. [Defendants maintain that all class action claims were dismissed, and therefore Defendants believe the issues of any other inmate besides Richardson are irrelevant to this case].

The parties dispute whether Richardson's confinement rises to the level of an Eighth Amendment violation.

The parties dispute whether Defendants' conduct violated clearly established constitutional rights of which a reasonable person would have known.

The parties dispute whether a reasonable officer would determine that Defendants conduct was lawful in the situation he confronted.

The parties dispute whether Richardson received any injury, substantial or otherwise, regarding Defendants placement of restraints on him.
The parties dispute whether Richardson's behavior required Defendants to maintain him in restraints.

**The facts they agree upon are as follows:**

Plaintiff Richardson was placed in restraints while incarcerated at USP Lewisburg.

**1.3 The legal issues the parties dispute are as follows:**

Whether Defendants' actions violated Plaintiff's constitutional rights.

Whether Defendants are entitled to qualified immunity.

The parties also disagree as to the proposed scope of discovery. Plaintiff intends to seek discovery on the policies and procedures for handling threats and safety issues among inmates which pertain to the cell assignment process.

<u>By Plaintiff:</u>

Plaintiff's Amended Complaint alleges that Defendants placed him in painful restraints (and kept him in restraints) because he refused to accept dangerous cell assignments.  Plaintiff further alleges that the Defendants forced him to choose between accepting a dangerous cell assignment and being placed in painful restraints in accordance with a policy and practice at USP Lewisburg.

<u>By Defendants:</u>

The only remaining claim is whether any of the defendants were deliberately indifferent to Richardson while they maintained him in restraints.  Contrary to Richardson's claims that he continues to have an excessive force claim regarding the initial placement of the restraints, this Court dismissed those claims.  <u>See</u> Order of April 9, 2013 (Doc. No. 38) at 22 (noting this is a prolonged used of restraints matter requiring a deliberate indifference standard).

**agree upon are as follows:**

The United States District Court for the Middle of Pennsylvania is the proper venue to hear these claims.

**1.4 Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

**1.5 Identify any named parties that have not yet been served:**

None.

**1.6 Identify any additional parties that:**

Plaintiff(s) intends to join:

None at this time.

Defendant(s) intends to join:

> None at this time

**1.7 Identify any additional claims that:**

Plaintiff(s) intends to add:

> None at this time.

Defendant(s) intends to add:

> None at this time.

**2.0 Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

> The Parties will exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than June 7, 2013.

**2.1 Separately for each party, list by name and title/position each person whose identity has been disclosed.**

Disclosed by Plaintiff(s):

> Plaintiffs have no additional disclosures at this time aside from those listed in his initial disclosures.

Disclosed by Defendants:

> Defendants disclose the following individuals whose names appear on the relevant documents and/or participated in maintaining Plaintiff in restraints.

Incident on 2/3/2011

Use of Force Team Members

B. Tharp, Counselor
B. Vegh, Correctional Systems Officer
G. George, EMT
J. Diltz, Counselor
J. Fleming, Lieutenant
J. Sheriff, Officer
S. Kemmerer, Officer
S. Prutzman, Officer

Incident on 2/10/2011

Lieutenant 2 Hr. Restraint Checks

M. Saylor
R. Johnson
T. Johnson
M. Mattingly
J. Seeba
A. Sassaman
R. Miller
W. McFadden
P. Carrasquillo
M. Kemmerer
A. Jordan
J. Fleming
C. Scampone
E. Stuart
K. Whittaker
L. Hunter
J. Benfer

Medical Checks

L. Hartzell, Nurse
H. Ledisic (now Miosi) (Nurse)
J. Hemphill, Physician Assistant

B. Prince, EMT
L. Potter, EMT
F. Fasciana, Physician Assistant
S. Gosa, Physician Assistant (Resigned, now with VA Dept)
B. Walls, EMT (currently Assistant Health Services Administrator, FCI
Otisville, NY)
W. Brennaman (Public Health), Nurse
G. George, EMT
Psych Checks
K. Cannon, Psychologist (now Forrest City, AR)
D. Mink, Psychologist
D. Contri, Psychologist (now assigned to FCC Allenwood)
D. Banks, Psychologist (Residential Drug/Alcohol Treatment Coordinator)

15 Minute Restraint Checks

J. Ritz, Officer
B. Wert, Officer
D. Johnson, Officer
R. Spade, Officer
J. Sheets, Officer
B. Paloskey, Officer
A. Sharbaugh, Officer (FCI Loretto)
A. Kranzel, Officer
J. Wenrick, Officer
Z. Edinger, Officer
B. Luckenbill, Officer
D. Smith, Officer
E. Lindsey, Officer
J. Hardy, Officer
D. Heintzelman, Officer
J. Leonowicz, Officer
A. King, Officer (now a Contract Specialist in the Business Office)
D. Kepner, Officer
H. Hawk, Officer
D. Hess, Officer
D. Coombe, Officer
N. Hakes, Officer
B. Gaston, Officer (FCI Loretto)
C. Brininger, Officer

J. Avery, Officer
K. Lytle, Officer
M. Condit, Officer
A. Creveling, Officer
J. Romig, Officer
R. Grenot, Officer
D. Eroh, Jr., Officer
J. Raynes (Resigned)
F. Otto (Resigned)
B. Butler, Officer
G. Neff, Officer
D. Walter, Officer
R. Buff, Officer
R. Biliniski, Officer
T. Hardy, Officer


15 Minute Restraint Checks (continued)

J. Eck, Officer
S. Hufford, Officer
A. Hartman, Officer


48 Hour Reviews

B. Bledsoe Warden (retired):    2/4/2011, 2/10/2011, 2/11/2011, 2/13/2011,
2/15/2011, 2/20/2011
D. Hudson, Associate Warden (now Warden, FCI Raybrook):    2/4/2011,
2/10/2011, 2/11/2011, 2/20/2011, 2/24/2011
B. Trate, Captain (now Associate Warden, FCI Raybrook)       2/10/2011,
2/13/2011, 2/20/2011
L. Hartzell, Nurse  2/20/2011
D. Contri, Psychologist (Now at FCC Allenwood)  2/20/2011
K. Bahre, Associate Warden (Now at FCC Allenwood)    2/17/2011
D. Mink, Psychologist    2/4/2011, 2/11/2011, 2/13/2011, 2/15/2011,
2/17/2011
S. Brown, Health Services Administrator     2/4/2011, 2/15/2011, 2/17/2011
D. Young, Associate Warden    2/13/2011, 2/15/2011
M. Edinger, Counselor    2/13/2011, 2/15/2011
L. Potter, EMT     2/13/2011
G. George, EMT   2/10/2011, 2/24/2011

L. Karpen, Chief Psychologist (Now assigned to Washington, D.C.
    2/10/2011
S. Snider, Deputy Captain (now Deputy Captain, USP Florence, CO)
    2/4/2011, 2/11/2011, 2/24/2011
D. Deleon, Nurse   2/11/2011
D. Hollenbach, Unit Manager  2/11/2011
P. Kissell, Case Manager (Now a Unit Manager at FCI Loretto) 2/4/2011
J. Adami, Unit Manager  2/24/2011
J. Howson, Psychologist 2/24/2011

Incident – 05/17/2011

Use of Force Team Members

H. Ladisic (Miosi now):  Nurse/Medical
J. Diltz:        Officer; UOF Team member
J. Fleming:   Lieutenant; UOF Team member
J. Malakoski:  Officer; UOF Team member
J. Sherriff:  Officer; UOF Team member
K. Gemberling:  Officer; UOF Team member
M. Saylor:  UOF Lieutenant
S. Kemmerer: Officer;  Confrontation avoidance
S. Prutzman:  Officer; UOF Team member
T. Wagner:  SIS Technician; Camera operator

Lieutenant 2 Hr. Restraint Checks

J. Seeba
R. Johnson
C. Scampone
B. Tharp
J. Fleming
M. Saylor
P. Carrasquillo
M. Mattingly
P. Boulet  ?
R. Miller
S. Heath
E. Stuart
K. Whittaker

A. Galletta

15 minute checks

C. Brininger, Officer
B. Gaston, Officer (now assigned to FCI Loretto)
B. Mitterling, Officer
B. Wert, Officer
J. Wolf, Officer
J. Harpster, Maintenance Worker Foreman
D. Smith, Officer
M. Rishel, Officer
M. VanSickle, Officer
J. Treibley, Officer
Z. Edinger, Officer
J. Hardy, Officer
Adam Hartman, Officer
R. Packer, Officer
G. Noviello, Officer (Resigned)

Medical Checks

H. Ladisic (Miosi)(Nurse)
B. Prince, EMT
L. Potter, EMT
J. Hemphill, Physician Assistant
G. George, EMT
L. Hartzel, Nurse
W. Brenneman, Nurse
J. Geragi, Physician Assistant
B. Walls, EMT (currently Assistant Health Services Administrator, FCI
Otisville, NY)

48 hour reviews

B.A. Bledsoe, Warden (Retired)
D. Hudson, Associate Warden (Now Warden, FCI Raybrook, NY)
B. Trate, Captain (Now Associate Warden, FCI Raybrook, NY
D. Hollenbach, Unit Manager
S. Brown, Health Services Administrator

L. Karpen, Chief Psychologist (now in Central Office, D.C.)
S. Snider, Deputy Captain (now Deputy Captain, USP Florence, CO)

Psych checks

J. Howson, Psychologist
D. Banks, Psychologist (Residential Drug/Alcohol Treatment Coordinator)
K. Cannon, Psychologist (now Forrest City, AR)

## 3.0 Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

By Plaintiff:

> Plaintiff's Petition for Permission to Appeal Order Denying Class Certification is currently pending before the Third Circuit Court of Appeals, at Case No. 13-8046. Should Plaintiff be given permission to appeal the denial of class certification, this could have an impact on this litigation. Currently the proceedings for Plaintiff's Petition have been stayed pending the Third Circuit's decision in Shelton v. Bledsoe, No. 12-4226.

By Defendants:

> None at this time.

## 4.0 Discovery

## 4.1 Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

> Plaintiff served preliminary discovery on Defendants to ascertain the identities of several "Doe" Defendants in order to amend the caption of the complaint to include the names of these defendants and effect service of process. This discovery is complete.

By defendant(s):

Defendant has responded to discovery by Plaintiff and has or will produce to Plaintiff his inmate central file and his medical records pursuant to Fed. R. Civ. P. 26.

**4.2 Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

### (1)  <u>Requests for Documents</u>

By Plaintiff:

Plaintiff will request, amongst other things, documents concerning the (i) Bureau of Prisons' policies, procedures, and training materials regarding inmate cell assignments and transfer, movement within prisons, recreation cages, searches, the handling of inmate threats and safety issues, and videotaping, amongst other topics; (ii) the disciplinary records of and inmate grievances against the defendants; (iii) the events leading up to the restraints placements, including, but not limited to, incident reports, video, audio, or photographic records, any records of internal investigations at USP Lewisburg, the contents of Plaintiff's Federal Bureau of Prisons file and any medical records relating to the restraints incidents , amongst other topics; (iv) policies, procedures, and training materials of the Bureau of Prisons and USP Lewisburg, respectively, regarding inmate classification, including recreation and shower sheets and daily unit logs, amongst other documents; (v) policies, procedures, and training materials of the Bureau of Prisons and USP Lewisburg, respectively, regarding restraints ; and (vi) policies, procedures, and training materials of the Bureau of Prisons and USP Lewisburg, respectively, regarding intervention with respect to instances of inmate-on-inmate violence.

By Defendants:

Defendants will request all documents and things that support Plaintiff's contentions that his constitutional rights were violated.

**(2)  Interrogatories**

By Plaintiff

      Plaintiff will serve interrogatories to learn, for example, the identity of any potential witnesses, the Defendants' roles and experience at the prison, and the factual bases for Defendants' contentions, amongst other topics.

By Defendants

      Defendants will serve interrogatories upon Plaintiff to explore the merits of his claim; the extent of his injuries, if any; and any potential witnesses and documents, etc.

**(3)  Depositions**

By Plaintiff:

      Plaintiff will need to depose the Defendants in this matter, any witness to any of the facts at issue in this case, medical personnel who treated Plaintiff, and other witnesses who emerge during the course of discovery.

By Defendants:

      At this point, Defendants only anticipate taking Plaintiff's deposition to explore the merits of his claim and any alleged injuries, etc.

**(4)  Tour**

      Plaintiff's counsel (along with any experts retained) will need to tour the SMU at USP Lewisburg.

**4.3 Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

None at this time.

**4.4 Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:**

By Plaintiff:

    None at this time.

By Defendants:

    The only remaining claim is whether any of the defendants were deliberately indifferent to Richardson while they maintained him in restraints.  Contrary to Richardson's claims that he continues to have an excessive force claim regarding the initial placement of the restraints, this Court dismissed those claims.  See Order of April 9, 2013 (Doc. No. 38) at 22 (noting this is a prolonged used of restraints matter requiring a deliberate indifference standard).

    This Court should find that

        documents [and information (interrogatories, interviews, depositions)] concerning the (i) Bureau of Prisons' policies, procedures, and training materials regarding inmate cell assignments and transfer, movement within prisons, recreation cages, searches, the handling of inmate threats and safety issues, and videotaping, amongst other topics; (ii) the disciplinary records of and inmate grievances against the defendants; (iii) the events leading up to the restraints placements, including, but not limited to, incident reports, video, audio, or photographic records, any records of internal investigations at USP Lewisburg, the contents of Plaintiff's Federal Bureau of Prisons file and any medical records relating to the restraints incidents , amongst other topics; (iv) policies, procedures, and training materials of the Bureau of Prisons and USP Lewisburg, respectively, regarding inmate classification, including recreation and shower sheets and daily unit logs, amongst other documents; (v) policies, procedures, and training materials of the Bureau of Prisons and USP Lewisburg, respectively, regarding restraints; and (vi) policies, procedures, and training

> materials of the Bureau of Prisons and USP Lewisburg,
> respectively, regarding intervention with respect to
> instances of inmate-on-inmate violence.

would not be relevant to whether Defendants were deliberately indifferent to Plaintiff by maintaining him in restraints.

Defendants also believe that the law enforcement privilege prevent them from disclosing camera locations in the institution and the inmate's central inmate monitoring data, etc.

**4.5 For each of the following discovery tools, recommend the per-party or per side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions per side (excluding experts) to be taken by:**

> plaintiff(s):   25.  (Due to the large number of individuals disclosed by Defendants under Section 2.1, Plaintiff may seek to depose additional individuals beyond this number.)

> defendant(s):  25

**4.5.2 interrogatories per side to be served by:**

> plaintiff(s):    25

> defendant(s):  25

**4.5.3 document production requests per side to be served by:**

> plaintiff(s):  50

> defendant(s):   50

**4.5.4 requests for admission per side to be served by:**

> plaintiff(s):    50

defendant(s):  <u>50</u>

## 4.6 Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

Counsel have conferred and informed their clients to preserve any and all electronic information.  Counsel also agreed that to the extent there are emails or electronic information not contained in hard copy, the parties will produce those documents.  The Bureau of Prisons stores only limited amount of electronic information.  To the extent there is any electronic information, the parties will agree to format and media to be used in its production.

## 5.0 Protective Order

## 5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

<u>By Plaintiff:</u>

Not applicable at this time.

<u>By Defendants:</u>

See Discovery Objections above.

## 5.2 If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Not applicable at this time.

## 6.0 Scheduling

## 6.1 Final date for joining additional parties:

Plaintiff(s):      August 30, 2013

Defendants(s):  August 30, 2013

**6.2 Final date for amending pleadings:**

Plaintiff(s):      August 30, 2013

Defendants(s):  August 30, 2013

**6.3 All fact discovery commenced in time to be completed by**:

December 3, 2013.

The Parties may need to seek an extension of the discovery deadline, in light of the number of depositions anticipated in this case.  The parties will submit an appropriate motion, if necessary.

**6.4 All potentially dispositive motions should be filed by:**  February 14, 2014

**6.5 Reports from retained experts due:**

from plaintiff(s) by:  December 17, 2013

from defendant(s) by:  January 17, 2014

**6.6 Supplementations due:**  January 31, 2014

**6.7 All expert discovery commenced in time to be completed by**:

January 31, 2014

**6.8 This case may be appropriate for trial in approximately:**

240 Days from the filing of the action in this court
365 Days from the filing of the action in this court
Days from the filing of the action in this court:  1,030

**6.9 Suggested Date for the final Pretrial Conference:**  September 2014

**6.10 Trial**

**6.10.1 Suggested Date for Trial:**   October 2014

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

> For Plaintiff:
>
> Sebastian Richardson
>
> For Defendants:
>
> Mark E. Morrison
> Chief, Civil Division
>
> Michael J. Butler
> Assistant United States Attorney
> United States Attorney's Office
> 228 Walnut St., 2nd Fl.
> Harrisburg, PA  17108-1754
> 717-221-4482
> Attorneys for Defendant

**8.0 Alternative Dispute Resolution ("ADR")**

**8.1 Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

ADR procedure  n/a
Date ADR to be commenced  n/a
Date ADR to be completed  n/a

**8.2 If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

**8.3 If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

> The parties do not believe that ADR is appropriate at this stage in the proceedings, as no fact discovery has been conducted.

**9.0 Consent to Jurisdiction by a Magistrate Judge**
Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:
All parties agree to jurisdiction by a magistrate judge of this court: No.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:
Scranton/Wilkes-Barre
Harrisburg

> The parties do not consent to a magistrate judge at this stage in the proceedings.

**10.0 Other Matters**
Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

> None at this time.

**11.0 Identification of Counsel**
Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request. Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:  May 20, 2013
Attorney(s) for Plaintiff(s):  Su Ming Yeh
√ ECF User(s):
☐  Waiver requested (as separate document)
☐  Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:
Attorneys(s) for Defendant(s) Michael J. Butler
√ ECF User(s)
☐ Waiver requested (as separate document)
☐ Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement
with the initial pleading, first entry of appearance, etc., that identifies any parent
corporation and any publicly held corporation that owns 10% or more of its stock,
or state there is no such corporation.

Respectfully submitted,

/s/ Su Ming Yeh
Su Ming Yeh
Attorney ID # PA 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T:  215-925-2966
Attorney for Plaintiff

PETER J. SMITH
United States Attorney

/s/ Michael J. Butler
Michael J. Butler
Assistant United States Attorney
PA81799
228 Walnut St., 2nd Fl.
Harrisburg, PA  17108-1754
Tel:  717-221-4482
Fax:  717-221-4582
Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SEBASTIAN RICHARDSON,

                PLAINTIFF,

      v.

THOMAS R. KANE, et al.

                DEFENDANTS.

Case No.: 3:11-cv-02266

Judge William J. Nealon

*Electronically Filed*

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the Joint Case Management Plan filed by Su Ming Yeh was served upon the following via ECF on June 20, 2013:

                Michael Butler
                United States Attorney's Office
                228 Walnut Street
                Suite 220
                Harrisburg, PA 17108
                Email:  Michael.J.Butler@usdoj.gov

                      /s/Su Ming Yeh
                Attorney ID:  PA 95111
                Pennsylvania Institutional Law Project
                718 Arch Street, Suite 304 South
                Philadelphia, PA 19106
                T:  215-925-2966
                smyeh@pailp.org

DATE:  June 20, 2013