UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

SEBASTIAN RICHARDSON, :
:
    Plaintiff : No. 3:CV-11-2266
:
vs. : (Judge Nealon)
:
THOMAS R. KANE, et al., :
:
    Defendants :

## ORDER

**AND NOW, THIS 8th DAY OF OCTOBER, 2014**, upon consideration of this Court's recent Order of October 3, 2014, see (Doc. 53), in the above-captioned action, and an inquiry by this Court into the status of the above-captioned action, and it appearing that by Order dated March 14, 2014, this Court granted an enlargement of time for discovery, until ninety (90) days after the Third Circuit Court of Appeals issues a decision on Richardson's appeal of his class certification claims at docket number 13-8046, see (Doc. 50), and it further appearing that the Third Circuit Court of Appeals has decided that Richardson's appeal will be held c.a.v. pending their decision in Shelton v. Bledsoe, No. 12-4226, a matter which remains pending[1], **IT IS HEREBY ORDERED THAT:**

---

[1] The Court notes that Shelton v. Bledsoe, Civil Action No. 3:CV-11-0368, is another case that is awaiting the Third Circuit's decision in Shelton v. Bledsoe, No.

1. The above-captioned action shall be **STAYED**, pending further order of court.

2. The above-captioned action shall be **ADMINISTRATIVELY CLOSED**.[2]

3. This action shall be reopened after the Third Circuit Court of Appeals issues a decision on Richardson's appeal of his class certification claims at docket number 13-8046.

_____
United States District Judge

---

12-4226. By Order dated October 6, 2014, this Court determined that because oral argument was held on September 11, 2013 in Shelton, No. 12-4226, and the matter remains pending, Shelton v. Bledsoe, Civil Action No. 3:CV-11-0368 was to be stayed, and administratively closed, with the parties notifying the Court within thirty (30) days of the conclusion of the Third Circuit's proceedings in Shelton v. Bledsoe, No. 12-4226.

[2] The Court notes that "an order merely directing that a case be marked closed constitutes an administrative closing that has no legal consequence other than to remove that case from the district court's active docket." Penn W. Associates, Inc. v. Cohen, 371 F.3d 118, 128 (3d Cir. 2004). "[A]dministrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication." Freeman v. Pittsburgh Glass Works, LLC, 709 F.3d 240, 247 (3d Cir. 2013). "This means that a court may reopen a closed case—either on its own or at the request of either party—even if it lacks an independent jurisdictional basis for doing so." Id. ("[T]he court's order required it to act as a judicial backstop in the event that the arbitration fell apart. This practice is not only permissible but also laudable. When problems arise during arbitration, it often makes sense for the parties to return to a judge who is already familiar with the case."). "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." Penn W. Associates, Inc., 371 F.3d at 127.