# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEBASTIAN RICHARDSON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil No. 3:11-cv-02266 |
| v. ) | |
| ) | Judge Brann |
| THOMAS R. KANE, et al., ) | |
| ) | |
| *Defendants.* ) | |

## PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff Sebastian Richardson respectfully moves to compel responses to his Third Request for Production of Documents. A brief in support of this Motion will be filed subsequently pursuant to Local Rule 7.5. In support thereof, Plaintiff avers the following:

1. Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants who are current and formers employees at the United States Penitentiary, Lewisburg ("USP Lewisburg") in Lewisburg, Pennsylvania, for unsafe and unconstitutional conditions of confinement at USP Lewisburg.

2. Plaintiff seeks to represent the following class on claims for declaratory and injunctive relief:

All persons who are now currently or will be imprisoned

in the SMU program at USP Lewisburg. The class period commenced from the time of the filing of the Amended Complaint in this action, and continues so long as USP Lewisburg Officials and Corrections Officers persist in the unconstitutional patterns, practices, or policies of (1) placing hostile inmate together in cells or recreation cages, and enforcing this placement through the use of punitive restraints, and (2) failing to take any reasonable measures to protect the inmates from inmate-on-inmate violence by hostile inmates.

3. Pursuant to this Court's October 17, 2017 order, the parties are engaged in discovery prior to the refiling of a motion for class certification. *See* Docket No. 98.

4. Discovery is scheduled to end on June 11, 2018. *See* Docket No. 107.

5. Plaintiff served Defendants with a Third Set of Requests for Production of Documents ("RPD") on July 31, 2017, pertaining to facts relevant to class certification in advance of motions on that issue. *See* Exhibit A, ("3d RPD").

6. On August 29, 2017, Defendants requested a two-week extension to produce responsive material.

7. On September 14, 2017, Defendants objected to twelve of Plaintiff's sixteen requests, partially answered some of the remaining requests, and informed Plaintiff that additional material would be forthcoming.

8. On September 22, 2017, Defendants' produced additional interrogatory responses, but no additional information in response to the requests for documents.

9. During the October 12, 2017, telephone status conference with the Court, Defendants indicated that more documents would be forthcoming, but produced merely 100 pages of documents several weeks later, on November 3, 2017.

10. Plaintiff transmitted letters to Defendants on December 14, 2017 and January 23, 2018, again requesting Defendants to produce responsive material, and in response to claims that the requests were overbroad, offering specific suggestions as to types of documents that would be responsive. *See* Exhibits B and D.

11. Those letters garnered 20 additional pages of documents on January 3, 2018, with a response that they would provide only a small number of truncated summaries of relevant incidents on February 5, 2018, and an ongoing refusal to produce any additional information based on objections to relevance and scope. *See* Exhibit E.

12. On February 13, 2018, the parties contacted the Court regarding the procedures for scheduling a discovery conference to precede a motion to compel production of the discovery requested but not received by Plaintiff.

13. The following day, Defendants provided incident summaries, each often only two sentences, related to only one category of the documents requested by Plaintiff.

14. Within two weeks, Plaintiff combed through the incident summaries and identified those that fell within the parameters of class discovery—incidents involving inmates being placed into restraints in the immediate aftermath of refusing a cellmate.

15. On February 26, 2018, Plaintiff identified those incidents to Defendants and requested actual documentation and reports from these relevant incidents. *See* Exhibit G.

16. On March 5, 2018, Defendants reasserted their ongoing objection to the relevance of incident reports, asserting that they "have nothing to do with the complaint in this case." Exhibit H.

17. On March 12, 2018, the parties had a telephonic status conference with the Court concerning outstanding discovery matters including document production, the deposition of Plaintiff Sebastian Richardson at ADX Florence, and an extension of time to complete discovery.

18. Plaintiff's attorneys explained that they had not scheduled depositions because Defendants had failed to produce written discovery relevant to questions of class action certification and the substantive claims that could or would be necessary for the depositions. Immediately following the status conference, Defendants agreed to produce additional documents in advance of depositions, but

reiterated their demand that Plaintiff needed to "narrow" his request to include some smaller number of responsive incidents than the entire number identified.

19. On March 16, 2018, Plaintiff emailed Defendants with a request that had been "even further narrowed to the most apparently relevant incidents." Exhibit J. That email, as other prior emails had, contained a spreadsheet of incidents Plaintiff had identified as bearing directly on the claims at issue in the case. *See id*.

20. In response to Plaintiff's emails on the subject, Defendants responded with a letter on April 3, 2018, asserting, again, that they regarded the requests for more information as "unreasonable" and not relevant. Exhibit K.

21. Among more than 150 relevant incidents, Defendants offered to produce documentation on "five to ten administrative remedies taken from the incident summaries provided to Richardson." Id.

22. The parties have exchanged additional letters regarding these discovery matters on April 6, 2018, and April 10, 2018, and participated in a conference call to discuss these issues on April 12, 2018. *See* Exhibits L and M.

23. Throughout these communications, Plaintiff has hewed to the Court's expressed preference not to extend discovery beyond June 11, 2018.

24. To adhere to that schedule, Plaintiff has simultaneously pressed Defendants to produce the requested documents, and scheduled nearly all

contemplated depositions for late April into May, despite still not having received additional necessary fact discovery.

25. As well, Plaintiff has accommodated Defendants' requests with respect to scheduling, adopting Defendants' deposition scheduling counter proposal nearly in its entirety. *See* Exhibit M.

26. Plaintiff continues to maintain that Defendants must produce responsive documents prior to the end of fact discovery, and files this motion to compel only after extensive written correspondence and multiple telephone calls—outlined above, not even exhaustively—have failed at achieving that objective.

27. Despite a putative class of over 1,000 inmates incarcerated at U.S.P. Lewisburg over the past decade, at this time Defendants have produced less than 200 pages of documents related to class issues.

28. Below are the documents still sought by Plaintiff and to which Defendants object:

    a. **RPD No. 2:** "All documents that describe, refer, or relate to the separations of inmates in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to any notes, logs, or reports made to document potential separation needs." Exhibit A at p.6.

        i. In particular, as Plaintiffs have requested, documents relating to inmates' refusal of cellmate assignments.

    b. **RPD No. 3**: "All documents and communications that describe, refer or relate to the use of restraints on inmates who refuse cell or cellmate assignments, including without limitation any misconducts issued as a

6

result of the inmate's refusal and grievances filed by inmates." Exhibit A at p.6.

    i. In particular, Plaintiff has already narrowed the incident summaries grudgingly shared by Defendants, and have helpfully identified incidents in which hard restraints were imposed shortly after the refusal of a cellmate assignment.

c. **RPD No. 4:** "All documents and communications that describe, refer or relate to the use of restraints on inmates who refuse to obey orders, including without limitation any misconducts issued as a result of the inmate's refusal and grievances filed by inmates." Exhibit A at p.7.

d. **RPD No. 5:** "All documents listing, logging or summarizing the use and application of restraints on inmates housed in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to, a record and/or log identifying each inmate that was placed in restraints, and documentation referring to the basis for and duration of the use of such restraints." Exhibit A at p.7.

    i. As noted above, Plaintiff has requested the supporting documentation for relevant incidents, of which only brief summaries have thus far been produced by Defendants.

    ii. Additionally, Plaintiff has subsequently specifically requested (but not received) documents relating to contacts between USP Lewisburg Defendants and the BOP Regional Office seeking approval to hold individuals in hard restraints for longer than 24 hours, including any policies about when and under what circumstances to contact the regional office about the use of restraints.

    iii. Plaintiff has also requested (but not received) documentation of two-hour (or other) checks performed on restrained inmates by Lieutenants.

e. **RPD No. 6:** "All documents and communications referring or relating to incidents of inmate-on-inmate assaults between cellmates in the Special Management Unit at USP Lewisburg from March 2010

to present, including but not limited to, any logs and/or reports identifying a list of all inmates involved in inmate-on-inmate assaults, the extent of any injuries sustained and any medical services provided." Exhibit A at p.7.

   i. In an effort to tailor the request, Plaintiff has proposed that Defendants may produce a list of summaries of such incidents, as they did with the imposition of restraints, and Plaintiff's attorneys will similarly narrow down the full list to solely incidents for which additional information would be responsive and relevant.

f. **RPD 7-9** similarly concern the issue of inmate-on-inmate assaults. Defendants have wholly ignored all requests for documents related to this portion of the class action. *See* Exhibit A at p. 7-8.

g. **RPD No. 15**: "All documents that provide the number and names of inmates who have refused proposed cellmates." Exhibit A at p.8.

Therefore, it is respectfully requested that the Court grant Plaintiff's Motion to Compel.

        Respectfully submitted,

        /s/ James Davy
        Attorney ID:  PA 321631
        Pennsylvania Institutional Law Project
        718 Arch St.
        Suite 304S
        Philadelphia, PA 19106
        T:  (215) 925-2966

        /s/ Alexandra Morgan-Kurtz
        Attorney I.D. No. 312631
        Pennsylvania Institutional Law Project
        100 Fifth Avenue, Suite 900
        Pittsburgh PA 15222
        T: (412) 434-6175
        amorgan-kurtz@pailp.org

/s/ Su Ming Yeh
Attorney I.D. No. 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T: (215) 925-2966
smyeh@pailp.org

DATE: April 19, 2018

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEBASTIAN RICHARDSON, )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>THOMAS R. KANE, et al., )<br>)<br>*Defendants.* ) | Civil No. 3:11-cv-02266<br><br>Judge Brann |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the forgoing Motion to Compel filed by Alexandra Morgan-Kurtz was served upon the following via ECF on April 20, 2018:

> Michael Butler
> Assistant U.S. Attorney
> Attorney for Defendants
> Michael.J.Butler@usdoj.gov
>
> Sam Dalke
> Assistant U.S. Attorney
> Attorney for Defendants
> Samuel.S.Dalke@usdoj.gov
>
>
> /s/ Alexandra Morgan-Kurtz
> Attorney I.D. No. 312631
> Pennsylvania Institutional Law Project
> 100 Fifth Avenue, Suite 900
> Pittsburgh PA 15222
> T: (412) 434-6175
> amorgan-kurtz@pailp.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEBASTIAN RICHARDSON, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil No. 3:11-cv-02266 |
| v. ) | |
| ) | Judge Brann |
| THOMAS R. KANE, et al., ) | |
| ) | |
| *Defendants.* ) | |

## **CERTIFICATE OF NONCONCURRENCE**

I, Alexandra Morgan-Kurtz, hereby certify that I sought the concurrence of Defendants' Counsel, Attorney Michael Butler, in the foregoing motion and that it was denied.

        Respectfully submitted,
        <u>/s/ Alexandra Morgan-Kurtz</u>
        Attorney ID:  PA 312631
        Pennsylvania Institutional Law Project
        100 Fifth Ave, Ste 900
        Pittsburgh, PA 15222
        T:  (412) 434-6175