## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEBASTIAN RICHARDSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil No. 3:11-cv-02266 |
| v. | ) | |
| | ) | |
| THOMAS R. KANE, et al, | ) | Judge Matthew Brann |
| | ) | |
| *Defendants.* | ) | |

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

## I.    INTRODUCTION

Plaintiff Sebastian Richardson files this Brief in Support of his Motion to Compel Production of Documents, after months of unsuccessful attempts to resolve a multitude of discovery disputes. Defendants continue to assert broad objections to producing virtually all potentially relevant documents for class discovery and have rejected Plaintiff's repeated attempts to narrow his requests, providing to date fewer than two hundred pages of class discovery for a putative class of over a thousand inmates.  Defendants continue to stonewall the production of documents, forcing Plaintiff to take depositions of Defendants with respect to class issues without documents relevant to putative class members—at the risk of Plaintiff needing to recall those parties to supplement their testimony after full production. Plaintiff's

counsel have exchanged numerous letters, emails, and telephone calls with Defendants' counsel, and raised the prospect of a motion to compel on several occasions.  Throughout the process, Defendants have refused to comply with their obligations under the Federal Rules of Civil Procedure.  Plaintiff has no recourse but to pursue documents in this extraordinary manner.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initially transmitted his Third Request for Production of Documents on July 31, 2017. *See* Exhibit A. Defendants initially responded on September 14, 2017, with numerous objections and a promise to produce some responsive materials. *See* Exhibit N. On October 17, 2017, the Court issued an order setting the close of discovery on March 16, 2018. *See* Docket No. 98. After producing a meager amount of information on November 3, 2017, Defendants have continued to rebuff Plaintiff's attempts to conduct discovery on class issues in a timely fashion. As outlined in Plaintiff's February 28, 2018 letter to the Court, and discussed during a telephone status conference on March 12, 2018, *see* Docket Nos. 100, 105, Defendants assert broad ongoing objections to both the relevance and scope of Plaintiff's requests contained in the Third Request for Production of Documents. *See* Exhibit E. That intransigence has continued despite Defendants' counsel's assurances on March 12, 2018 that more responsive documents would be forthcoming.

In two transmissions on February 14, 2018 and March 5, 2018, Defendants did produce spreadsheets cataloguing incidents at United States Penitentiary (USP) Lewisburg in which inmates were restrained for threating an officer or other inmates, and associated administrative remedy requests. *See* Exhibits F, H. Those spreadsheets contained incident dates and numbers, as well as brief summaries hinting at what had transpired, with names and other information redacted. Plaintiff's counsel combed through those summaries to identify a subset of only relevant incidents involving inmates restrained for threats purportedly made in connection with refusing cellmate assignments, and asked for additional information only as to those incidents. *See* Exhibit J.  In an April 3, 2018 letter, Defendants described that request as "onerous" and as seeking "an unreasonable amount of information." *See* Exhibit K at pg. 1-2. Although Plaintiff had taken pains to identify only incidents in which inmates were restrained after refusing to allow a new cellmate into their cell, or refusing to enter a new cell because of the person inside, *see* Exhibit J, Defendants assert that such incidents "do not relate to the alleged class claims." *See* Exhibit K at pg. 2.

Therefore, currently in dispute are the following Requests (also outlined in Plaintiff's Motion to Compel Production of Documents filed on April 20, 2018, *see* Docket No. 108):

    a.  **Request for Production of Documents (RPD) No. 3**:  All documents and communications that describe, refer or relate to the use of

restraints on inmates who refuse cell or cellmate assignments, including without limitation any misconducts issued as a result of the inmate's refusal and grievances filed by inmates. *See* Exhibit A at p.6.

b. **RPD No. 4:**  All documents and communications that describe, refer or relate to the use of restraints on inmates who refuse to obey orders, including without limitation any misconducts issued as a result of the inmate's refusal and grievances filed by inmates. *See* Exhibit A at p.7.

c. **RPD No. 5:**  All documents listing, logging or summarizing the use and application of restraints on inmates housed in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to, a record and/or log identifying each inmate that was placed in restraints, and documentation referring to the basis for and duration of the use of such restraints.  *See* Exhibit A at p.7.

d. **RPD No. 6:**  All documents and communications referring or relating to incidents of inmate-on-inmate assaults between cellmates in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to, any logs and/or reports identifying a list of all inmates involved in inmate-on-inmate assaults, the extent of any injuries sustained and any medical services provided. *See* Exhibit A at p.7.
    i. In an effort to tailor the request, Plaintiffs have offered that Defendants may produce a list of summaries of such incidents, as they did with the imposition of restraints, and Plaintiffs' attorneys will similarly narrow down the full list to solely incidents for which additional information would be responsive and relevant.

e. **RPD Nos. 7-9** concern this same topic; nothing has been produced in response to any of them. *See* Exhibit A at p. 7-8.

f. **RPD No. 15**:  All documents that provide the number and names of inmates who have refused proposed cellmates. *See* Exhibit A at p.8. Including, as Plaintiffs have subsequently requested, documents relating to separations of inmates vis a vis refusal of cellmate assignments.

## III.   ARGUMENT

### A. <u>Plaintiff's Requests Are Relevant To The Claims And Defenses</u>

The Federal Rules of Civil Procedure provide for a party to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Plaintiff carefully calibrated every request in the Third RPD to elicit non-privileged matter directly relevant to either Plaintiff's claims or Defendants' potential and likely defenses. This includes, but is not limited to, claims about imposition of restraints—as a widespread practice—on inmates who refuse dangerous cellmate assignments, the duration for which an inmate is so held, the dangerousness of cellmate pairings that inmates attempt to refuse, and inmate-on-inmate violence that results from cellmates pairings created by Defendants.

Several of the requests specifically address cell assignments and cellmate-on-cellmate violence at USP Lewisburg, which are relevant to claims in the Amended Complaint concerning the dangerousness of cell assignments and inmates attempting to refuse assignments on that basis. For example, Request No. 2 asks for "[a]ll documents that describe, refer, or relate to the separations of inmates in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to any notes, logs, or reports made to document potential separation needs." Exhibit A at p.6. Request No. 6 asks for "[a]ll documents and communications referring or relating to incidents of inmate-on-inmate assaults between cellmates in

the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to, any logs and/or reports identifying a list of all inmates involved in inmate-on-inmate assaults, the extent of any injuries sustained and any medical services provided." Exhibit A at p.7. Request Nos. 7-9 similarly address the issue of inmate-on-inmate assaults, which are relevant to the danger that inmates face in cell assignments made at USP Lewisburg.

With respect to incidents of cellmate-on-cellmate violence, the Supreme Court long ago recognized that evidence relating to the prevalence of violence could show knowledge on the part of prison defendants about risk of harm to inmates. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Where, as here, Plaintiff has alleged that he has refused cellmate assignments because of the risk of danger to which such assignments would expose him, and where, as here, Plaintiff has alleged that cellmate assignments are made without reference to that risk, evidence of such assaults is relevant to the very heart of Plaintiff's claims. *See Hayes v. Correction Corp. of America*, No. 1:09-cv-122, 2011 U.S. Dist. LEXIS 101312, at *7 (D. Idaho Sept. 7, 2011). Defendants have never produced information about cellmate-on-cellmate assaults beyond the bare number that happened over the relevant period. More information about those 647 assaults would shed light on why some inmates might subsequently refuse to cell with particular inmates.

Several other discovery requests address claims about the imposition of restraints on inmates who refuse cellmate assignments, and defenses that Defendants have already explicitly raised as to that issue. Defendants have repeatedly insisted that imposing restraints on inmates who refuse particular cellmates is against policy, and therefore does not happen. *See*, *e.g.*, Exhibit E. Information that tends to undermine that defense—such as details concerning the circumstances in which hundreds of inmates over the relevant time period have been restrained shortly after refusing cellmates—is undeniably relevant to both Mr. Richardson's individual claims as well as to class certification and the broader class claims. Request No. 3 addresses that defense by asking for "[a]ll documents and communications that describe, refer or relate to the use of restraints on inmates who refuse cell or cellmate assignments, including without limitation any misconducts issued as a result of the inmate's refusal and grievances filed by inmates." Exhibit A at p.6. Similarly, Request No. 4 asks for "[a]ll documents and communications that describe, refer or relate to the use of restraints on inmates who refuse to obey orders, including without limitation any misconducts issued as a result of the inmate's refusal and grievances filed by inmates." Exhibit A at p.7.

Defendants maintain that because they justified such impositions of restraints on the purported basis that the inmate refusing a cellmate subsequently threatened either the new cellmate or the officer(s) involved in the cellmate transition, those

incidents cannot be responsive. That attitude ignores the gravamen of the Amended Complaint: that Defendants made cellmate assignments without regard to the safety of inmates, and subsequently restrained them when they refused out of fear—artfully expressed, or otherwise. It also ignores the likelihood that reports asserting that an inmate threatened a possible cellmate may be pretextual, used to justify imposition of restraints on an inmate simply trying to reject an unsafe cellmate pairing.

Courts have recognized in various contexts that in circumstances where a Defendant suggests that some discipline or sanction was imposed for one reason, information tending to show that the stated reason was merely pretext for another, prohibited reason, is relevant and must be produced. *See*, *e.g.*, *Hollander v. American Cyanamid Co.*, 895 F.2d 80, 86 (2d Cir. 1990) (holding that a District Court's denial of a motion to compel discovery as to the circumstances of a possibly-pretextual firing amounted to an abuse of discretion). In *Hollander*, the appellate court specifically recognized that Plaintiffs require discovery in such circumstances because Defendants rarely admit to intentionally violating policies or statutes. *Id.* at 85. Here, where Defendants insist that restraining more than one hundred inmates shortly after they refused new cellmate assignments was only coincidental and always justified on another basis, review of the full reports of these incidents will likely provide information to show that those justifications amount to pretext.

Moreover, Defendants' arguments regarding both relevance and burden fall short particularly in the context of *class* discovery.  The putative class in this case consists of all current and future inmates incarcerated in the Special Management Unit of USP Lewisburg since the filing of the Complaint in 2011, a class of well over a thousand individuals. Some requests attempt to elicit information regarding the size and composition of the class. For example, Request No. 5 asks for "[a]ll documents listing, logging or summarizing the use and application of restraints on inmates housed in the Special Management Unit at USP Lewisburg from March 2010 to present, including but not limited to, a record and/or log identifying each inmate that was placed in restraints, and documentation referring to the basis for and duration of the use of such restraints." Exhibit A at p.7. Even more succinctly, Request No. 15 asks for "[a]ll documents that provide the number and names of inmates who have refused proposed cellmates." Exhibit A at p.8.

Any request for documents regarding this class will be more voluminous than requests for records of an individual plaintiff. In fact, to meet the requirements of class certification, Plaintiff must request and receive the responsive documents. As Plaintiff does not have identifying information for every putative class member directly harmed by the practices at issue in the lawsuit, and that information resides in sole control of Defendants, document requests seeking to identify individuals and how they are affected by these practices offer a unique view into the size of the class.

In *Rice v. Electrolux Home Products*, this Court granted Plaintiff's motion to compel, despite apparent misgivings about the underlying claims, because of the clear relevance of the requested information to an upcoming briefing on class certification. No. 4:15-cv-371, 2016 U.S. Dist. LEXIS 193628, *19-20 (M.D. Pa. June 17, 2016). Here, the discovery period following the Court's denial of the motion for class certification was specifically directed to allow Plaintiff an opportunity for discovery with respect to the factors of class certification. *See* Docket No. 98. The discovery Plaintiff seeks here pertains to the frequency and pattern of the practices at issue. That Defendants and Plaintiff disagree as to the nature of those practices comes as no surprise. But for purposes of ascertaining the size of the class of inmates subjected to those practices, Defendants' views about the merits of Plaintiff's characterization of those practices do not justify declining to provide relevant documents—especially when those claims have survived Defendants' motion to dismiss. *Richardson v. Bledsoe*, 829 F.3d 273 (3d Cir. 2016).

B. Plaintiff's Narrowed Discovery Requests Do Not Impose An Undue
   Burden On Defendants.

Mr. Richardson has already substantially tailored his requests to the claims and scope of the lawsuit and further narrowed those requests after the objections of Defendants, going so far as to provide Defendants with specific types of documents that would be responsive to Plaintiff's requests. As such, Plaintiff has heeded the rule that "discovery should be tailored to the issues involved in the particular case."

*Rice*, 2016 U.S. Dist. LEXIS 193628 at *3 (quoting *Kresefsky v. Panasonic Communs. & Sys. Co.*, 169 F.R.D. 54, 64 (D. N.J. 1996).

Plaintiff has tailored discovery requests directly to the claims underlying the lawsuit, and to upcoming motions for and against class certification, in several ways. For example, information about the length of time Defendants held inmates in restraints, approval that Defendants sought to so hold such inmates, and checks that Defendants performed on inmates so held, is all specifically relevant to Plaintiff's claims about the punitive nature of restraint use and any assessment of whether Defendants exceed "only that amount of force necessary to gain control of the inmate, to protect and ensure the safety of inmates, staff and others," or "cause[] unnecessary physical pain or extreme discomfort" as outlined in their policy. Docket No. 21, pg. 12-14. In follow-up communications, Plaintiff has asked, specifically, for information about contacts between USP Lewisburg and the Bureau of Prisons (BOP) Regional Office concerning approval to hold individuals in hard and four point restraints for longer than 24 hours. *See* Exhibit D. (Defendants have never offered specific reasoning justifying their assertion that such documentation might be irrelevant to class claims about unjustified imposition of such restraints.) Plaintiff has also requested documentation of two-hour or other checks performed by Lieutenants on inmates held in hard and four point restraints, a narrow subset of records on inmates so held. *See id.*

Plaintiff has further narrowed his requests based on documents produced by Defendants, to limit the burden on Defendants going forward. For example, after receiving documents that merely catalogued the incident number, date, and a brief summary of instances where Defendants imposed restraints on inmates—which Plaintiff acknowledged would include some instances outside the scope of this lawsuit—Plaintiff combed through the summaries to identify only those incidents most likely to show that restraints had been imposed when an inmate refused a cellmate assignment. *See* Exhibit J. Plaintiff subsequently requested supporting document only for those relevant incidents, as the list itself is insufficient to allow Plaintiff to brief a class certification motion. Instead, Plaintiff needs access to the full documentation of these incidents to evaluate and establish the existence of any pretext, and to show the size of the class affected by the policies and practices at USP Lewisburg.

In assessing the scope of discoverable information the Court should be guided by the pleadings. *Rice*, 2016 U.S. Dist. LEXIS 193628 at *4.  In this case, the scope of the discoverable information may be broader and more voluminous than that of the typical case, but the broadness reflects the size of the putative class affected by the unconstitutional policy or practice alleged in the Amended Complaint, not any failure on the part of Mr. Richardson to tailor discovery requests to those claims.

C.  <u>Defendants Have Ignored Their Obligations Under The Federal Rules Of Civil Procedure</u>.

Under the Federal Rules of Civil Procedure, Defendants "must respond" to document requests within thirty days of service. Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs transmitted the Third Request for Production of Documents on July 31, 2017. Despite requesting multiple extensions and vaguely promising responsive information numerous times, Defendants ultimately issued blanket objections to a dozen of the sixteen requests in that RPD, and forced Plaintiff to seek an extension to the discovery period. Mere promises to produce requested documents at a non-specific future point, absent specifics, does not meet a party's obligations under Fed. R. Civ. P. 34(b). In fact, stringing along a party seeking discovery in such a manner is treated as a failure to answer or respond in contravention of obligations. *Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651 (D. Md. June 16, 1997).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel Production of Documents should be granted.

Respectfully submitted,

/s/ Jim Davy
Attorney ID:  PA 321631
Pennsylvania Institutional Law Project
718 Arch St.
Suite 304S
Philadelphia, PA 19106
T:  (215) 925-2966

/s/ Alexandra Morgan-Kurtz
Attorney I.D. No. 312631
Pennsylvania Institutional Law Project
100 Fifth Avenue, Suite 900
Pittsburgh PA 15222
T: (412) 434-6175
amorgan-kurtz@pailp.org

/s/ Su Ming Yeh
Attorney I.D. No. 95111
Pennsylvania Institutional Law Project
718 Arch Street, Suite 304S
Philadelphia, PA 19106
T: (215) 925-2966
smyeh@pailp.org

DATE:  May 4, 2018

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SEBASTIAN RICHARDSON, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil No. 3:11-cv-02266 |
| v. | ) | |
| | ) | Judge Matthew Brann |
| THOMAS R. KANE, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the forgoing Motion to Compel filed by Jim Davy was served upon the following via ECF on May 4, 2018:

> Michael Butler
> Assistant U.S. Attorney
> Michael.J.Butler@usdoj.gov
>
> Sam Dalke
> Assistant U.S. Attorney
> Samuel.S.Dalke@usdoj.gov
>
> Attorneys for Defendants

> Respectfully submitted,
>
> /s/ Jim Davy
> Attorney ID:  PA 321631
> Pennsylvania Institutional Law Project
> 718 Arch St., Suite 304S
> Philadelphia, PA 19106
> T:  (215) 925-2966